UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED TO PROTECT DEMOCRACY et al.,<br><br>Plaintiffs,<br>v.<br><br>PRESIDENTIAL ADVISORY COMMISSION<br>ON ELECTION INTEGRITY et al.<br><br>Defendants. | Civil No. 17-02016 (RC) |

## NOTICE OF REQUEST FOR EXPEDITED HEARING AND STATEMENT OF FACTS MAKING EXPEDITION ESSENTIAL

Please take notice that Plaintiffs are requesting that this Court hold a hearing on Plaintiffs' Motion for Preliminary Injunction on or before Wednesday November 1, 2017. Pursuant to Civil Local Rule 65.1(d), Plaintiffs submit this Statement of Facts supporting their request for expedited hearing in this matter.

As set forth in Plaintiffs' Motion for a Preliminary Injunction, the Presidential Advisory Commission on Election Integrity (the "Commission") is currently engaged in an ongoing collection of information without having complied with the procedures outlined in the Paperwork Reduction Act (the "PRA"), 44 U.S.C. §§ 3501 *et seq.* The PRA requires that prior to a collection of information, an agency must disclose an evaluation of the need for the collection; a functional description of the information to be collected; a plan for collecting the information; an objective of the estimate of the burden of the collection, and a plan for the efficient and effective management and use of the information to be collected. 44 U.S.C. § 3506. After receiving an initial round of comments from the public on the proposed collection, an agency is then required

1

under the PRA to certify to the Director of the Office of the Management and Budget ("OMB") that the proposed information collection meets the statute's requirements. *Id.* § 3507. In the event of a potentially unlawful collection of information, the PRA provides that "[a]ny person may request the Director [of OMB] to review any collection of information," that the Director "will respond to the request within 60 days after receiving the request," and that the Director will "take appropriate remedial action, if necessary." *Id.* § 3517(b).

On June 28, 2017, without following any of the PRA's requirements, the Commission requested that the chief election official in each state and in the District of Columbia respond to identical, expansive requests for information about every registered voter in their state or district, including voters' party affiliation, voting history, criminal records, and personally identifying information such as Social Security numbers and dates of birth. The Commission did not engage in any of the PRA's required disclosures prior to the collection of information, nor did it certify to the Director of OMB that the collection of the information met the requirements of the PRA. On July 3, 2017, Plaintiffs submitted a letter pursuant to § 3517 of the PRA notifying the Director that the Commission was engaged in an unlawful collection of information and requesting that the Director take appropriate remedial measures. To date, Plaintiffs have not received a response to their letter.

Aside from engaging in a blatant and ongoing violation of the law, the Commission's failure to adhere to the disclosure and notice-and-comment requirements of the PRA jeopardizes the public's privacy, security, and trust in our voting system. The Commission has begun to amass a vast database of information about every registered voter without following laws meant to protect the American people from unconstrained collection of information by the government. It has not provided any information on its plan for securing, maintaining, and/or disseminating

the information it collects, and the failure to comply with the PRA has deprived Plaintiffs and the public of the opportunity to participate in the decision-making process and to ensure that the data is safely and securely collected and stored and that it will be used in a legal manner. Moreover, although Plaintiffs sought relief from OMB under § 3517, the Director has failed to respond within the statutory deadline of 60 days.

While the Commission has not voluntarily provided information about the extent of its collection to date, a September 29, 2017 disclosure by the Commission in another litigation revealed that 20 states have provided some information in response to the June 28, 2017 data collection request from the Commission; Plaintiffs do not have sufficient information to know whether those are partial or complete responses, or whether other states are likely to submit data shortly. *See* Eisenberg Decl., Ex. F (Rows 98-117). Accordingly, Plaintiffs are forced to seek immediate court intervention in order to stop the Commission's unlawful, ongoing information collection.

For the foregoing reasons, Plaintiffs respectfully request an expedited consideration and decision in this matter to prevent further harm.

Respectfully submitted,

Date: October 11, 2017

Laurence M. Schwartztol
  (*Pro hac vice* pending)
Justin Florence (D.C. Bar #988953)
THE PROTECT DEMOCRACY PROJECT
10 Ware Street
Cambridge, MA 02138
(202) 856-9191

/s/ *signature* /MP

Danielle Conley (D.C. Bar #503345)
Lynn Eisenberg (D.C. Bar #1017511)
Jason Hirsch (*Pro hac vice* forthcoming)
Michael Posada (*Pro hac vice* pending)
WILMER CUTLER PICKERING
  HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 663-6000